UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:12-CV-395-H

EDE WARNER, JR.                                                                               PLAINTIFF

v.

UNIVERSITY OF LOUISVILLE                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, University of Louisville ("University"), has moved to dismiss all Plaintiff's claims arising from his employment with and termination from the University. The dispute is long-running one and has involved a number of issues. At some point in late 2011, the parties attempted to resolve all their disputes, including those currently asserted in this lawsuit. As this Memorandum discusses, the agreements and releases among the parties at that time resolves this case. Plaintiff has not denied the Settlement Agreement or stated valid reasons why the Court should ignore it.

I.

Plaintiff, Ede Warner, Jr. ("Warner"), is a former University professor who voluntarily resigned his employment as a condition of a confidential Settlement Agreement and General Release ("Settlement Agreement") entered into by Warner and the University on October 26, 2011. The Settlement Agreement was negotiated and entered into by the parties after the University initiated an investigation into allegations that Warner sexually harassed students and staff at the University and engaged in other professional misconduct. The University placed Warner on administrative leave when it began the investigation in January 2011. More than six months later, Warner filed a charge against the University with the Equal Employment

Opportunity Commission ("EEOC"), alleging that he was being racially discriminated against by his supervisor, Dean James Blaine Hudson ("Dean Hudson"). Upon conclusion of its investigation into his alleged misconduct, the University initiated formal termination proceedings against Warner.

The parties subsequently agreed to participate in a mediation through the EEOC which ultimately resulted in the October 26, 2011 Settlement Agreement and Warner's voluntary resignation. Although its terms are confidential, the Settlement Agreement acknowledges Warner's EEOC charge and the University's Statement of Charges for dismissal and states that its purpose was to settle and release all claims relating to Warner's employment and to terminate Warner's employment with the University. Importantly, Warner expressly agreed in the Settlement Agreement to release, among other things, "any and all claims or charges that Warner has, or could have, filed against [the University] ... under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ...." Nevertheless, Warner filed his Complaint herein alleging the University retaliated against him for filing the July 2011 EEOC discrimination charge in violation of Title VII.

II.

To survive a motion to dismiss, a complaint must contain either direct or inferential allegations with respect to all material elements of a claim under a viable legal theory. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true, but it need not accept legal conclusions or unwarranted factual inferences. *Campbell v. PMI Food Equip Group, Inc.*, 509

F.3d 776, 781 (6th Cir. 2007). "A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Neither "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" nor "the mere possibility of misconduct" is sufficient. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). *See also NHL Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462, 468 (6th Cir. 2005).

### III.

Under federal law, courts will enforce and uphold settlement agreements "whenever equitable and policy considerations so permit." *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976). *See also Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992). Courts specifically approve the enforcement of settlement agreements in the context of Title VII claims. *Johnson v. Hanes Hosiery*, 1995 U.S. App. LEXIS 13705, at *3 (6th Cir. June 1, 1995).

Here, Warner admits that his EEOC discrimination charge against the University "ultimately settled." In the Settlement Agreement, Warner expressly waived and released any and all legal claims against the University "arising from or relating to his employment with the University, the terms and conditions of that employment, his separation from employment and any other event, transaction, or communication between Warner and [the University]," specifically including but not limited to "any and all claims or charges that Warner has, or could have, filed against [the University] … under: … Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*" Thus, the Settlement Agreement is dispositive of Warner's Title VII

claim. He cannot escape dismissal by supposing that the Court would simply decline to read the Settlement Agreement. *See Greenburg*, 177 F.3d at 514; *Pribe*, 2011 U.S. Dist. LEXIS 84512, at *6. The Court needs to go no further in discussing the other obvious defects in Warner's claims.

IV.

Finally, Warner's retaliation claim must also be dismissed as the facts alleged therein are demonstrably false by Warner's own admission. While his Complaint alleges that the University retaliated against him by communicating with him "more frequently, in more of a harassing nature" after he filed his EEOC charge, the Court may take judicial notice that on June 28, 2012 Warner pled guilty to criminal charges of harassing his former supervisor, Dean Hudson. This guilty plea is an admission by Warner, that he harassed Dean Hudson, and not the other way around. *See* FED. R. EVID. 801(d)(2)(A); *Hancock v. Dodson*, 958 F.2d 1367, 1371 (6th Cir. 1992). Consequently, Warner's allegation that the University harassed him is demonstrably false by his own admission. Thus, his retaliation claim is entirely without merit and must be dismissed.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is SUSTAINED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

This is a final order.

cc: Ede Warner, Jr., *Pro Se*
Counsel of Record